UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>BRANDON A. WILLIAMS,<br><br>                    Defendant. | Case No. 14-CR-125-JPS<br><br>**ORDER** |

1.  **BACKGROUND**

On August 31, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582. (Docket #23). The Government filed a response, (Docket #27), and Defendant did not reply. The Court has considered each of these submissions and must deny Defendant's motion for compassionate release.

2.  **FACTS**

Defendant is a 35-year-old man who is currently incarcerated at the Beckley Federal Correctional Institution ("FCI Beckley") in Beaver, West Virginia. In 2014, Defendant was convicted of one count of being a felon in possession of a firearm. (Docket #17 at 1). Judge Rudolph T. Randa sentenced Defendant to 100-months' imprisonment, which was at the low-end of the guideline range. (*Id.* at 2). According to the Bureau of Prisons, Defendant's release date is July 28, 2021. (Docket #27 at 2). Presently, FCI Beckley reports that 26 inmates and 19 staff members have active cases of

COVID-19.[1] No deaths have been reported, and 202 inmates and 44 staff have recovered from the virus.[2]

## 3. LEGAL STANDARD

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for

---

[1] *See* Fed. Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited January 11, 2020).

[2] *Id.*

compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the

nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

4. ANALYSIS

The Government concedes that Defendant exhausted his administrative remedies. (Docket #27 at 3). *Gunn*, 980 F.3d at 1179 ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it.") (internal citations omitted). Thus, the Court will move on to determine whether Defendant has an extraordinary and compelling reason warranting his release.

"[T]he mere presence of COVID-19 in a particular prison (or in the BOP generally) cannot justify compassionate release." *United States v. Melgarejo*, No. 12-CR-20050-JES-DGB, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020), *aff'd*, No. 20-1802, 2020 WL 7230642 (7th Cir. Dec. 8, 2020). Prisoners need to demonstrate circumstances that create a heightened risk for them, such as the inability of the particular institution to control an outbreak combined with certain health conditions that place the prisoner "at significant risk of complications should he contract the virus." *Id.*

Defendant has not alleged that he has *any* medical conditions that render him susceptible to the risks and complications of the COVID-19 virus. Instead, Defendant discusses only the conditions within FCI Beckley. The Court sympathizes with Defendant in his concern that he is at risk of exposure to the virus while incarcerated, but the Court must recognize that

Defendant has failed to meet his burden of establishing extraordinary and compelling circumstances warranting his early release from incarceration.

5.  **CONCLUSION**

Defendant has not proffered extraordinary and compelling reasons warranting his release. Therefore, the Court will deny Defendant's motion for compassionate release, (Docket #23).

Accordingly,

**IT IS ORDERED** that Defendant's motion for compassionate release (Docket #23) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge